IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re: **Cobb, John Arthur, Jr.**              )   Case No. 15-10511
                                               )
                                               )   Chapter 13
SS# xxx-xx-4966                                )
                                               )
                                               )
          Debtor(s)                            )


## AMENDED NOTICE TO CREDITORS AND PROPOSED PLAN

The Debtor(s) filed for relief under Chapter 13 of the United States Bankruptcy Code on date petition was filed.

The filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors. If you attempt to collect a debt or take other action in violation of the bankruptcy stay you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and the deadline for objecting to the plan. The official notice will include a proof of claim form.

A creditor must timely file a proof of claim with the Trustee in order to receive distributions under the plan. The Trustee will mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments. If the claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the Court.

### CHAPTER 13 PLAN SUMMARY

**I.   Plan Payments**

The plan proposes a payment of $ **910.00** per month for a period of 48 months. The Debtor(s) shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.

**II.  Administrative Costs**

    **1.   Attorney fees.**

        **XX**   The Attorney for the Debtor will be paid the base fee of $3,700.00. The Attorney has received $ 0.00 from the Debtor pre-petition and the remainder of the base fee will be paid monthly by the Trustee as funds are available, after scheduled monthly payments to holders of domestic support obligations and allowed secured claims.

**2.     Trustee costs.**

The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

III.    Priority Claims

All pre-petition claims entitled to priority under section 11 U.S.C. 507 will be paid in full in deferred cash payments unless otherwise indicated.

**1.     Domestic Support Obligations ("DSO")**

a.     **X**    None

b.     The name, address, and phone number, including area code, of the holder of any DSO as defined in §101(14A) is as follows:

Name of DSO Claimant          Address                                        Telephone#

c.     All **post-petition** DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

d.     Arrearages owed to DSO claimants under §507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

Name of DSO Claimant       Est. Arrearage Claim        Monthly Payment

**2.     Other priority claims to be paid by Trustee**

Creditor                                Estimated Priority Claim

### IV. Secured Claims

1. Real Property Secured Claims

a. \_\_\_\_ None

b. All payments on any claim secured by real property will be paid by the Trustee unless the account is current, in which case the Debtor may elect to continue making mortgage payments directly. Arrearage claims will be paid by the Trustee as separate secured claims over the term of the plan, without interest.

| Creditor | Property Address | Residence or Non-Residence (R/NR) | Current (Y/N) | Monthly Payment | Arrearage Amount | If Current Indicate Payment by Debtor (D) or Trustee (T) |
|---|---|---|---|---|---|---|
| **Seterus** | **7 Preyer Ct.** | R | N | $450 | $900 | T |

2. **Personal Property Secured Claims**

a. \_\_\_\_ None

b. Claims secured by personal property will be paid by the Trustee as follows:

| Creditor | Collateral | Secured Amount | Purchase Money (Y/N) | Under-Secured Amount | Pre-confirmation adequate protection payment per §1326(a)(1) | Post confirmation equal monthly amount (EMA) | Proposed interest rate |
|---|---|---|---|---|---|---|---|
| **Drive Time** | **2007 Ford** | $16,655 | Y | $0 | $120 | $310 | 5.0% |

The Trustee will disburse pre-confirmation adequate protection payments to secured creditors holding allowed purchase money secured claims. Claims having a collateral value of less than $2,000.00 will not receive adequate protection payments.

***To the extent that the valuation provisions of 11 U.S.C.§506 do not apply to any of the claims listed above, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C.§1325(a)(5)(A).***

3. **Collateral to be Released**

The Debtor proposes to release the following collateral:

Creditor                Collateral to be Released

**Carrington/Springleaf     615 Lottus St.**
**Ocwen/Springleaf          867 Friendly Ct.**

4. **Liens to be Avoided**

The Debtor pursuant to 11 U.S.C. §522 proposes to avoid the following liens on property to the extent that such liens impair the Debtor's exemption:

Lien Creditor              Property

V. **Co-Debtor Claims**

The Debtor proposes to separately classify for payment in full the following claims for consumer debts on which an individual is liable with the Debtor:

Creditor        Co-Debtor        Interest Rate        Monthly Payment

**none**

VI. **General Unsecured Claims Not Separately Classified**

General unsecured claims will be paid on a pro-rata basis, with payments to commence after priority claims are paid in full. The estimated dividend to general unsecured claims is **0** %.

## VII. Executory Contracts/Leases

a. __X__   None

b.   The following executory contracts and/or leases will be rejected:

Creditor                     Nature of lease or contract


c.   The following executory contract and/or leases will be assumed. The Debtor will pay directly all lease payments which come due from the petition date until confirmation of the plan. Upon confirmation, payments will be paid as follows:

| Creditor | Nature of Lease or Contract | Monthly payment | Monthly payment paid by Debtor(D) or Trustee (T) | Arrearage amount | Arrearage paid by Debtor (D) or Trustee (T) | Arrearage monthly payment |
|---|---|---|---|---|---|---|
| | | | | | | |


## VII. Special Provisions

a. __X__ None

b.   Other classes of unsecured claims and treatment:

c.   Other Special Terms:


Date:   **July 13, 2015**          /s/Phillip E. Bolton
                                   Phillip E. Bolton  SB #12326NC
                                   Attorney for the Debtor
                                   P.O. Box 10247
                                   Greensboro, NC 27404
                                   (336) 294-7777

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In Re:                                          Case No. 15-10511 C13G

Cobb, John Arthur, Jr.

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the document(s) shown below upon the creditors listed below by causing said document(s) to be deposited in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service and/or by electronic means as allowed by the Court.

This the   13th   Of July   2015

                                        by: /s/Phillip E. Bolton
                                            PHILLIP E. BOLTON
                                            Attorney for Petitioner(s)
                                            604 Green Valley Road, Ste 406
                                            Greensboro, NC 27408
                                            (336) 294-7777


DOCUMENT(S) SERVED: VIA CM/ECF

Amended "Notice To Creditors And Proposed Plan" to reflect the debtor's intent to surrender real property.


William Miller, Bankruptcy Administrator
PO Box 1828
Greensboro, NC 27402

Anita Jo Troxler
P.O. Box 1720
Greensboro, NC 27402


(All parties of record in case)

Bank of America Home Loan Servicing
P.O. Box 15222
Wilmington, DE 19886


Best Buy
P.O. Box 5244
Carol Stream, IL 60197


Carrington Mortgage Services, LLC
P.O. Box 54285
Irvine, CA 92619


Drive Time
P.O. Box 53087
Phoenix, AZ 85072


Employment Security Commission
Attn: Tax Dept.
P.O. Box 26504
Raleigh, NC 27611-6504


Guilford Co. Tax Department
P.O. Box 3427
Greensboro, NC 27402


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Katherine Cobb
1938 Allyson Avenue
Greensboro, NC 27405


Lowes
P.O. Box 530914
Atlanta, GA 30353


NC Dept. of Revenue
P.O. Box 1168
Raleigh, NC 27640


Ocwen Loan Servicing
P.O. Box 24738
West Palm Beach, FL 33416

Rockingham Co. Tax Dept.
P.O. Box 68
Wentworth, NC 27375

Seterus
P.O. Box 2008
Grand Rapids, MI 49501

Spring Leaf Financial
The Shops at Pyramids Village
2103 Pyramid Village Boulevard
Greensboro, NC 27405

Springleaf Financial
2103 Pyramids Village Bld., Ste. 101
Greensboro, NC 27405

Wells Fargo Auto Finance
P.O. Box 29704
Phoenix, AZ 85038

Wells Fargo Home Mortgage
P.O. Box 11701
Newark, NJ 07101